**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MESSIAS GONCALVES TEIXEIRA, | Civil Action No. 26-3546 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WILLIAM P. JOYCE, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Messias Goncalves Teixeira's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to show cause, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Brazil who entered the United States without admission or inspection in June 2021 near San Ysidro, California. (ECF No. 7-1 at 2.) Petitioner was arrested by Border Patrol officers shortly after crossing the border, but was released on his own recognizance a few days later on June 26, 2021. (*Id.*) Petitioner was enrolled in a non-detention supervision program and thereafter remained at liberty in the United States for several years. (*Id.*) Although the Government alleges that Petitioner missed certain check-in appointments as part of this program,[1] he appears to have largely complied with its requirements and was in the process

---

[1] While the Court will order Petitioner's release for the reasons set forth in this memorandum opinion, the Court recognizes that the Government has a legitimate interest in maintaining oversight of those in removal proceedings through programs like the one in which Petitioner was previously enrolled. The Government, however, does not argue that Petitioner's alleged reporting issues should somehow themselves serve as a ground for his current detention. Moreover, it is

1

of checking in as required at the time of his arrest by immigration officials less than a month ago on March 29, 2026.  (*Id* at 1-2.)  Petitioner has remained detained since March 29 without a bond hearing.  (*Id.*)  Based on the Government's response and the relevant facts, it does not appear that he was taken into custody because of any past reporting violation.  (*Id.*; *see also* ECF No. 1 at 3.) Petitioner does not appear to have any criminal history.  (*See* ECF No. 7-1 at 2-3.)

In responding to Petitioner's habeas petition and this Court's order to show cause, the Government contends that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 6.)  The Government recognizes, however, that their position "relies on the same statutory-interpretation arguments," (ECF No. 7 at 3), this Court has previously rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and has remained in the United States for several years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

---

without dispute that Petitioner was regularly reporting in, including but not limited to, at the time of his arrest as recently as in March 2026.  Accordingly, mandatory detention without bond on this basis is unwarranted and cannot serve to deny Petitioner relief in this matter.  This Court's accompanying order directing Petitioner's release will, however, permit the Government to subject Petitioner to continued supervision in line with the requirements of the program in which Petitioner was previously enrolled.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's . . . continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. An order consistent with this Memorandum Opinion will be entered.


Date: April 21, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
